# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JESUS J. GONZALEZ, JR.,<br>    Appellant, | DOCKET NUMBER<br>DA-0752-11-0078-C-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>  SECURITY,<br>    Agency. | DATE: August 8, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[*]

Juan M. Gonzalez, Esquire, San Antonio, Texas, for the appellant.

Kathleen Shipley, Megan Nicole Copley, and Felix R. Martinez Velez,
    Laredo, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement, finding that he failed to prove by preponderant evidence that the agency materially breached any of the terms of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the settlement agreement. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency removed the appellant from his position as a GS-11 Border Patrol Agent and he filed an appeal with the Board. *Gonzalez v. Department of Homeland Security*, MSPB Docket No. DA-0752-11-0078-I-1, Initial Appeal File (IAF), Tab 1. During the pendency of that appeal, the parties entered into a settlement agreement resolving the appeal. IAF, Tab 17. The settlement provided, in pertinent part, that the appellant would withdraw his appeal, submit a written resignation "for personal reasons," and would not apply for a position with the agency for 5 years. IAF, Tab 17 at 3-4. In exchange, the agency agreed to do the following: (1) cancel the removal action; (2) replace the existing Standard Form (SF) 50 in the appellant's Official Personnel File (OPF) indicating that he had been removed with an SF-50 indicating that he resigned "for personal reasons"; (3) remove all documentation regarding the removal action from the appellant's OPF; and (4) refer all inquiries and requests for references regarding the appellant's work performance, reason for resignation, or other employment matters to the agency's Indianapolis Hiring Center and limit information provided in response to such requests to the information reflected in the OPF. *Id.* at 4. The administrative judge issued an initial decision dismissing the appeal as settled and accepting the settlement agreement into the Board's record for enforcement purposes. IAF, Tab 18, Initial Decision.

¶3 The appellant filed a petition for enforcement on January 7, 2017, alleging that the agency breached a term of the settlement agreement when it found him unsuitable for employment as a contractor with a private company doing contract work with the agency. MSPB Docket No. DA-0752-11-0078-C-1, Compliance File (CF), Tab 1. The agency filed a response to the compliance petition

asserting that it had not breached the agreement because the appellant had specifically authorized the release of information for the purposes of a background investigation by executing a signed waiver or alternatively, that the appellant himself had voluntarily disclosed the offending information leading to the unsuitability finding on his SF-85P background investigation questionnaire. CF, Tab 5 at 4-5. The agency also alleged that the appellant breached the waiting period provision of the agreement by applying for a position with the agency before 5 years had elapsed. *Id.* at 4.

¶4 In a compliance initial decision based on the written record, the administrative judge determined that the appellant had failed to submit evidence sufficient to demonstrate that the agency had breached a term of the settlement agreement. CF, Tab 8, Compliance Initial Decision (CID) at 6-7. Alternatively, the administrative judge determined that, even if the agency had provided the disputed information to the background investigators, the appellant had knowingly and intentionally waived the agency's obligation to restrict the release of the information by executing an authorization form. CID at 7-9. Consequently, the administrative judge denied the petition for enforcement. CID at 9.

¶5 On review, the appellant contends that he was improperly denied the opportunity to conduct discovery and that the administrative judge erred in concluding that the signed authorization allowed the agency to release the contested information. Compliance Petition for Review (CPFR) File, Tab 1 at 3-4. The agency has filed a response in opposition to the petition for review. CPFR File, Tab 3.

<u>The administrative judge abused his discretion by issuing the compliance initial decision without allowing the appellant to conduct discovery.</u>

¶6 In a January 17, 2017 acknowledgement order, the administrative judge noted that though discovery "may not be necessary in a compliance appeal," if a party believed it was necessary, "any initial request for discovery must be filed

within 15 days of the filing of the response to the petition for enforcement." CF, Tab 3 at 2-3. Consistent with the Board's regulations, the order specified that the record would close 15 calendar days from the date of service of the agency's reply "unless a party inform[ed] [the administrative judge] that discovery will take place." *Id.* at 3; *see* 5 C.F.R. § 1201.183(a)(9).

¶7        The agency filed its response to the petition for enforcement on February 1, 2017. CF, Tab 5. The appellant, replying to the agency's response on February 11, 2017, indicated that he "intend[ed] to propound discovery upon the Agency," and requested "the ability to issue discovery to the agency." CF, Tab 6 at 11. On February 24, 2017, the administrative judge issued the compliance initial decision denying the appellant's petition for enforcement, despite the fact the appellant had informed the administrative judge that he intended to conduct discovery. CID.

¶8        In response to an order issued by the Acting Clerk of the Board, the appellant provided a list of interrogatories propounded on the agency on February 15, 2017, and a request for the production of documents submitted to the agency on February 16, 2017. CPFR File, Tab 7 at 7-19. The appellant's attorney asserts that no response was received to either request. *Id.* at 5. The agency has not provided a response to the order.

¶9        The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). However, as the party bearing the burden of proof on the claim, the appellant is entitled to obtain evidence to support his claim. *See, e.g.*, *Lynch v. Department of Defense*, 114 M.S.P.R. 219, ¶ 11 (2010). The appellant has provided sufficient evidence demonstrating that he notified the administrative judge of his intention to undertake discovery, that he served his discovery requests within the requisite 15 days following the agency's response to the petition for enforcement, and that, when the administrative judge issued his

compliance initial decision, the agency had not yet replied to the appellant's requests. The unanswered discovery requests produced by the appellant seek evidence that could be relevant and admissible concerning his allegation that the agency materially breached a term of the settlement agreement. CPFR File, Tab 7 at 7-19. By issuing the initial decision before discovery was completed, the administrative judge deprived the appellant of the opportunity to gather and submit potentially relevant evidence obtained during the ongoing discovery process. *Bernard v. Department of Agriculture*, 788 F.3d 1365, 1368-70 (Fed. Cir. 2015); 5 C.F.R. § 1201.183(a)(9). As such, the administrative judge abused his discretion and we remand this appeal for further adjudication. *See Bernard*, 788 F.3d at 1368-70.

¶10 On remand, the administrative judge shall grant the parties additional time to conduct discovery regarding the matters addressed in the outstanding discovery requests. Additionally, the administrative judge shall set a new close-of-record date and allow the parties to submit potentially relevant evidence obtained through the discovery process. After discovery is completed, the administrative judge shall issue a new compliance initial decision consistent with this Remand Order.

## ORDER

¶11 For the reasons discussed above, we remand this case to the regional office for further adjudication consistent with this Remand Order.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.